```
                    UNITED STATES DISTRICT COURT
                    EASTERN DIVISION OF KENTUCKY
                      SOUTHERN DIVISION at LONDON
```

ANTHONY D. HOOVER,              )
                                )
    Plaintiff,                  )
v.                              )    Case No. 6:13-cv-157-JMH
                                )
CAROLYN W. COLVIN,              )
Acting Commissioner of          )    **MEMORANDUM OPINION & ORDER**
Social Security,                )
                                )
    Defendant.                  )
                                )

                              ***


This matter is before the Court upon cross-motions for summary judgment [DE 11, 12] on Plaintiff's appeal, pursuant to 42 U.S.C. § 405(g), of the Commissioner's denial of his application for disability insurance benefits. The Court, having reviewed the record and the parties' motions, will deny Plaintiff's motion and grant Defendant's motion.

**I.**

The Administrative Law Judge ("ALJ"), conducts a five-step analysis to determine disability:

> 1. An individual who is working and engaging in substantial gainful activity is not disabled, regardless of the claimant's medical condition.

> 2. An individual who is working but does not have a "severe" impairment which significantly limits his physical or mental ability to do basic work activities is not disabled.

1

> 3. If an individual is not working and has a severe impairment which "meets the duration requirement and is listed in appendix 1 or is equal to a listed impairment(s)", then he is disabled regardless of other factors.
>
> 4. If a decision cannot be reached based on current work activity and medical facts alone, and the claimant has a severe impairment, then the Secretary reviews the claimant's residual functional capacity and the physical and mental demands of the claimant's previous work. If the claimant is able to continue to do this previous work, then he is not disabled.
>
> 5. If the claimant cannot do any work he did in the past because of a severe impairment, then the Secretary considers his residual functional capacity, age, education, and past work experience to see if he can do other work. If he cannot, the claimant is disabled.

*Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994) (citing 20 C.F.R. § 404.1520 (1982)). "The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled." *Id*. "If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Secretary." *Id*.

**II.**

Plaintiff was thirty-seven years of age on his alleged onset date and forty-four years of age on the date of the ALJ's decision (Tr. 11, 35, 187, 191, 230). He had a limited education and past relevant work as a construction worker and mobile home

2

worker (Tr. 35-38, 49-50, 63, 233-41, 257-58, 305). Plaintiff alleged he was disabled due to back problems and manic depression (Tr. 257). He also alleged problems with his left arm beginning in January 2011 (Tr. 277, 290).

Plaintiff filed applications for a period of disability, disability insurance benefits, and Supplemental Security Income on March 17, 2010, alleging he became disabled on January 1, 2005 (Tr. 187, 191, 230). After a hearing, an administrative law judge ("ALJ") issued a decision on February 21, 2012, denying Plaintiff's applications (Tr. 11, 32).

The ALJ evaluated Plaintiff's application using the five-step sequential evaluation process (Tr. 15-16). At step one, the ALJ noted evidence indicated Plaintiff had worked since his alleged onset date, but the ALJ found, for the purpose of his decision, that Plaintiff's work activity was not substantial gainful activity (Tr. 16-17). At steps two and three, the ALJ found Plaintiff had severe impairments, but he did not have an impairment or combination of impairments that met or equaled a listed impairment (Tr. 17). The ALJ then found Plaintiff had the residual functional capacity (RFC) to perform light work with additional limitations (Tr. 19). At step four, the ALJ found Plaintiff was unable to perform his past relevant work (Tr. 24). Proceeding to the fifth and final step, the ALJ found Plaintiff

3

could perform other work as identified by the vocational expert (VE) and, therefore, was not disabled (Tr. 24-26, 63-64).

The Appeals Council denied Plaintiff's request for review on June 27, 2013 (Tr. 1). Plaintiff has exhausted his administrative remedies, and this case is ripe for review under 42 U.S.C. §§ 405(g) & 1383(c)(3).

### III.

Judicial review of the ALJ's decision is limited to an inquiry into whether the ALJ's findings were supported by substantial evidence, 42 U.S.C. § 405(g), *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). Substantial evidence is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). This Court may not try the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *Id*. "As long as substantial evidence supports the Commissioner's decision, we must defer to it, even if there is substantial evidence in the record that would have supported an opposite conclusion...." *Warner,* 375 F.3d at 390 (quoting Wright v. Massanari, 321 F.3d 611, 614 (6th Cir. 2003); *Key v.*

*Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)) (internal quotation marks omitted).

**IV.**

In his Motion for Summary Judgment, Plaintiff argues that the ALJ (1) ignored the opinions of his treating physicians and failed to give appropriate weight to their opinions or to give adequate reasoning for "refusing to accept the opinions of two treating physicians;" (2) failed to consider the combined effects of all of his impairments without regard to whether those impairments, if considered separately, would be of sufficient severity to render Plaintiff disabled; (3) failed to consider the durational requirement of substantial gainful activity and not merely the ability to find a job and physically perform it; and, ultimately, (4) rendered a decision which was unsupported by the evidence of record. For the reasons stated below, the Court disagrees and concludes that the decision of the ALJ is adequately supported by substantial evidence.

**A.**

First, Plaintiff asserts that ALJ should have accepted that his treating physician, Betty Crispin, M.D., had been treating him for many years and given controlling weight to her assessment of limitations that would clearly not allow him to work. He argues that the ALJ improperly evaluated the weight to

5

be given to that assessment when he afforded it less weight because he found that Dr. Crispin had seen Plaintiff only a few times and had not treated Plaintiff's back when, in fact, Plaintiff had been treated at the same office where Dr. Crispin worked since 2004. Next, he argues that the ALJ erred in failing to afford appropriate weight to the opinion of his treating psychiatrist, Dr. Zev Zusman, who assigned him emotional limitations which would not have permitted substantial gainful work activity. The Court has carefully considered these arguments and, ultimately, disagrees with Plaintiff's argument as the ALJ's decision about the weight to be afforded to the opinion of Drs. Crispin and Zusman is supported by evidence of record.

In evaluating a doctor's opinion, the ALJ considers a number of factors, including whether the doctor examined the claimant, whether the doctor treated the claimant, the evidence the doctor presents to support his or her opinion, whether the doctor's opinion is consistent with the record as a whole, and the doctor's specialty. *See* 20 C.F.R. §§ 404.1527(c), 416.927(c). Generally, a treating physician's opinion is entitled to more weight and an ALJ must give good reasons for discounting a treating physician's opinion. *See* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *Gayheart v. Comm'r of Soc. Sec.*,

710 F.3d 365, 376 (6th Cir. 2013); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). Where "the opinion of a treating source is not accorded controlling weight, an ALJ must apply certain factors ... in determining what weight to give the opinion." *Wilson*, 378 F.3d at 544.

Specifically, § 404.1527(d) of the SSA's regulations prescribes that the ALJ is to consider (1) the length of the treatment relationship and the frequency of examination, (2) the nature and extent of the treatment relationship, (3) the supportability of the opinion, (4) the consistency of the opinion with the record as a whole, and (5) the specialization of the treating source. 20 C.F.R. § 404.1527(d). The regulation further assures claimants that "[w]e will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion." 20 C.F.R. § 404.1527(d)(2). Further, although doctors' opinions about what a claimant can still do or the claimant's restrictions are relevant evidence, such opinions are not determinative because the ALJ has the responsibility of assessing the claimant's RFC. *See* 20 C.F.R. §§ 404.1512(b)(2), 404.1513(b)(6), 404.1527(d)(2), 404.1545(a)(3), 404.1546(c), 416.912(b)(2), 416.913(b)(6), 416.927(d)(2), 416.945(a)(3), 416.946(c); SSR 96-5p, 61 Fed. Reg. 34,471-01 (July 2, 1996); *Coldiron v. Comm'r of Soc. Sec.*,

7

391 F. App'x 435, 439 (6th Cir. 2010); *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009).

The ALJ in the present matter dealt properly with the opinions of Drs. Crispin and Zusman. The ALJ did not "completely ignore[. . .]" the opinions of Dr. Crispin and Dr. Zusman as Plaintiff contends. (Tr. 23-24); [DE 11 at 4]. Rather, he engaged with their observations and opinions in an in-depth and meaningful way. This much is clear from the face of the ALJ's decision. Further, while he ultimately discounted the opinions offered by Drs. Crispin and Zusman, the ALJ considered their opinions and provided good reasons, supported by substantial evidence, for such treatment of their opinions. (Tr. 23-24, 922-25, 954-58.)

It was not error for the ALJ to note and consider relevant the fact that Dr. Crispin, while a treating physician, did not have a long relationship with her patient as one might normally expect for a treating physician. (Tr. 23, 767-78, 871-77, 927-29); *see* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). Dr. Crispin candidly admitted in her January 2012 opinion that she had seen Plaintiff only intermittently since March 2011, a statement which serves as substantial evidence to support the ALJ's conclusion that she lacked a longitudinal perspective on Plaintiff's condition. (Tr. 954); *see* 20 C.F.R. §§

8

404.1527(c)(2), 416.927(c)(2). No one disputes that Plaintiff had been treated at the same office where Dr. Crispin worked since 2004, [De 11 at 2-3], but, as Dr. Crispin acknowledged, she did not have contact with Plaintiff until March 2, 2011, when she saw him as a "new" patient (Tr. 776, 954). In other words, the ALJ's conclusion concerning the weight to be accorded to her opinion was supported by the evidence in the record. Any long-standing relationship with other, individual treating physicians in the office where Dr. Crispin practiced is, frankly, irrelevant to the ALJ's assessment of Dr. Crispin's basis for evaluating Plaintiff.

Additionally, the evidence of record supports the ALJ's conclusion that Dr. Crispin's treatment records do not support her opinion concerning the extent of Plaintiff's impairment. (Tr. 17, 22, 23); *see* 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3); *Walters*, 127 F.3d at 529-30; *Bogle v. Sullivan*, 998 F.2d 342, 347-48 (6th Cir. 1993). As the Commissioner has correctly pointed out, Dr. Crispin rarely treated Plaintiff for his alleged back pain, and she did not note significant clinical findings that would support the extreme limitations in her opinion. (Tr. at 954-58; *see also* Tr. at 776 (noting Plaintiff's primary complaints of chest pain, headaches, left arm numbness, and neck pain, with only a passing reference to

upper back pain during a March 2, 2011, examination); Tr. at 777 (noting Plaintiff had some muscle spasm in his trapezius muscles, exhibited positive straight leg raising and bowstring testing, and complained of pain to palpation in his cervical and lumbar spine but describing Plaintiff's neck pain and radiculopathy as new and his back pain as stable during March 2, 2011, examination; Tr. 767-68, 774-75 (noting lungs and heart were normal and that Plaintiff exhibited muscle spasm and tenderness in his trapezius and lumbar spine and complained of pain when moving his neck but with no indication of positive straight leg raising or bowstring testing during visits on March 11 and 18, 2011); Tr. at 769-71, 873-74 (noting return for fasting laboratory testing with unchanged objective findings and the fact that physician would no longer provide Plaintiff with prescriptions for controlled medications because marijuana and other substances not prescribed by her were found in his urine drug screen the previous month); Tr. 871-72) (noting November 1, 2011, visit during which Plaintiff was only taking klonopin and only sought refills of his medications for hypertension and coughing and a referral to a pain clinic for his alleged neck pain; noting display of tenderness in Plaintiff's cervical spine with otherwise unremarkable objective clinical findings); Tr. at 927 (noting treatment for hypertension and some tenderness in

his cervical spine upon examination at January 9, 2012, visit); Tr. at 772-73, 778 (noting that diagnostic studies ordered by Dr. Crispin did not reveal significant findings as X-rays and an MRI scan of Plaintiff's cervical spine showed degenerative disc disease and cervical spasm with no cord signal abnormality, no disc extrusion, only mild disc protrusion, and no pathologic marrow edema).

Further, Dr. Crispin's clinical findings also undermine her opinion regarding the deleterious effects of Plaintiff's mental condition on his ability to work (Tr. 954-55, 958). Dr. Crispin noted Plaintiff was alert; was oriented to time, place, and person; had normal insight and judgment; and had a normal or appropriate mood and affect (Tr. 768, 775, 776, 872, 874, 928). Dr. Crispin's findings do not indicate Plaintiff's anxiety or depression would have affected his attention, concentration, or any other work-related activities. Dr. Crispin may have relied on Plaintiff's allegations regarding the effects of his mental condition and alleged pain on his ability to work, but a claimant's subjective complaints are not a sufficient basis for an opinion. *See* 20 C.F.R. §§ 404.1527(c), 416.927(c); *Tate v. Comm'r of Soc. Sec.*, 467 F. App'x 431, 433 (6th Cir. 2012); *Walters*, 127 F.3d at 529-30; *Bogle*, 998 F.2d at 347-48. Dr. Crispin's objective findings and observations do not indicate

Plaintiff's mental condition was as limiting as she opined, which provides a basis of substantial evidence to support the ALJ's decision to give little weight to Dr. Crispin's opinion. *See* 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3); *Walters*, 127 F.3d at 529-30; *Bogle*, 998 F.2d at 347-48. Finally, the conservative treatment of Plaintiff by Dr. Cripsin also undermines the more extreme aspects of her opinion. *See* 20 C.F.R. §§ 404.1527(c)(2)(ii), 416.927(c)(2)(ii); *Helm v. Comm'r of Soc. Sec.*, 405 F. App'x 997, 1001 (6th Cir. 2011).

In other words, while Dr. Crispin did examine Plaintiff, her objective medical findings do not indicate Plaintiff's physical or mental condition was as limiting as she opined, which provides a basis of substantial evidence to support the ALJ's conclusion that Dr. Crispin's opinion is inconsistent with the record as a whole and his decision to give little weight to Dr. Crispin's opinion. (Tr. 16-24; Tr. 311-24, 327-400, 402-05, 413-27, 429-58, 472-93, 497-512, 514-95, 726-31, 733-53, 798, 856, 864, 940-52 (recording observations, examinations, and conclusions of as well as conservative treatment by other doctors and medical professionals who examined and treated Plaintiff who found no abnormalities regarding Plaintiff's lungs, hearts, musculoskeletal system, or neurological function and/or who did not otherwise indicate in their records that they

12

believed that he was as limited as Dr. Crispin opined); (Tr. 313, 324, 334, 346, 350, 360, 367, 373-75, 386, 392-93, 475-76, 488, 733, 740, 747) (recording and noting diagnostic studies, including x-rays and MRI scans of Plaintiff's spine, which did not reveal noteworthy abnormalities); *see* 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4); *Walters*, 127 F.3d at 529-30; *Bogle*, 998 F.2d at 347-48; *Helm*, 405 F. App'x at 1001-02; *see also Blacha v. Sec'y of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990) (noting claimant's conservative treatment undermined his subjective complaints of disabling limitations).

The opinion of Robert Brown, M.D., the State agency medical consultant, also supports the ALJ's decision to give little weight to Dr. Crispin's opinion (Tr. 23, 104-06). State agency consultants are highly qualified specialists who are also experts in the Social Security disability programs, and their opinions may be entitled to great weight if the evidence supports their opinions. *See* 20 C.F.R. §§ 404.1527(e)(2)(i), 416.927(e)(2)(i); SSR 96-6p, 61 Fed. Reg. 34,466-01 (July 2, 1996). Although the ALJ gave Plaintiff the benefit of the doubt by finding he was more limited than found by Dr. Brown, Dr. Brown's opinion is supported by the record and provides further evidence to support the ALJ's decision to give less weight than he might otherwise give to Dr. Crispin's opinion. *See* 20 C.F.R.

13

§§ 404.1512(b)(8), 404.1527(c)(3), (c)(4), (e)(2)(ii), 404.1545(a)(3), 416.912(b)(8), 416.927(c)(3), (c)(4), (e)(2)(ii), 416.945(a)(3); SSR 96-6p; *Norris v. Comm'r of Soc. Sec.*, 461 F. App'x 433, 438-40 (6th Cir. 2012); *McGrew v. Comm'r of Soc. Sec.*, 343 F. App'x 26, 32 (6th Cir. 2009); *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 839 (6th Cir. 2006). Given the evidence of record, substantial evidence supports the ALJ's decision to give little weight to Dr. Crispin's opinion.

The ALJ also provided good reasons, supported by substantial evidence, for discounting Dr. Zusman's opinion (Tr. 23-24, 922-25). As the ALJ noted, Dr. Zusman saw Plaintiff only a few times, and he did not provide a basis for his opinion. (Tr. 24, 922-25); *see* 20 C.F.R. §§ 404.1527(c)(2), (c)(3), 416.927(c)(2), (c)(3). Dr. Zusman's treatment records, as discussed by the ALJ, also do not support his opinion (Tr. 17, 22-24, 407-11, 878-80); *see* 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3); *Walters*, 127 F.3d at 529-30; *Bogle*, 998 F.2d at 347-48. Dr. Zusman saw Plaintiff twice in April 2009, and, although he noted Plaintiff was anxious and depressed, his other clinical findings were unremarkable, including normal speech, goal-directed thought processes, no delusions or hallucinations, and no suicidal ideation. (Tr. 408, 411). Dr. Zusman did not see Plaintiff again until November and December 2011, when his

14

clinical findings were essentially the same. (Tr. 879-80). Dr. Zusman's unremarkable objective findings do not support the extreme limitations in his opinion and instead provide substantial evidence to support the ALJ's decision to discount Dr. Zusman's opinion. Moreover, Dr. Zusman's minimal and conservative treatment of Plaintiff provides another reason why Dr. Zusman's opinion was not entitled to any relevant weight (Tr. 24); *see* 20 C.F.R. §§ 404.1527(c)(2)(ii), 416.927(c)(2)(ii); *Helm*, 405 F. App'x at 1001-02.

Dr. Zusman's opinion also is inconsistent with the record as a whole, as discussed by the ALJ (Tr. 16-24). *See* 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4); *Walters*, 127 F.3d at 529-30; *Bogle*, 998 F.2d at 347-48. A consultative psychological examination of Plaintiff by Emily Skaggs, Psy.D., was unremarkable, including normal attention and concentration, no memory deficits, normal speech and thought processes, and intact judgment and insight. (Tr. 719-24). Dr. Skaggs opined Plaintiff had only slight or moderate limitations, meaning Plaintiff was able to function at least satisfactorily, which further supports the ALJ's findings. (Tr. 24, 722-23). Other records indicate Plaintiff had no mental health complaints or he specifically denied anxiety or depression; mental examinations also were unremarkable, although he exhibited increased signs when he was
15

abusing drugs or alcohol (Tr. 311, 314, 316, 318-20, 322-23, 328, 337, 345, 356, 367, 380, 386, 402-05, 414-23, 425-27, 430-37, 439-40, 442-48, 455-58, 480, 483, 489, 492, 515, 530, 548-49, 735, 738, 742, 745, 749, 752, 864, 940-42, 948-49). The medical records do not indicate Plaintiff's mental condition was as limiting as Dr. Zusman opined and instead provide substantial evidence to support the ALJ's decision to discount Dr. Zusman's opinion.

In addition, the opinions of Corine Samwel, Ph.D., and Robert Hess, Ph.D., the State agency psychological consultants, support the ALJ's decision to discount Dr. Zusman's opinion. (Tr. 24, 74-76, 102-04); *see* 20 C.F.R. §§ 404.1527(e)(2)(i), 416.927(e)(2)(i); SSR 96-6p, 61 Fed. Reg. 34,466-01 (July 2, 1996). Although the ALJ gave Plaintiff the benefit of the doubt by finding he had severe mental impairments and resulting limitations, the opinions of Dr. Samwel and Dr. Hess that Plaintiff did not have a severe mental impairment provides further evidence undermining Dr. Zusman's opinion. *See* 20 C.F.R. §§ 404.1512(b)(8), 404.1527(c)(4), (e)(2)(ii), 416.912(b)(8), 416.927(c)(4), (e)(2)(ii); SSR 96-6p; *Norris*, 461 F. App'x at 438-40; *McGrew*, 343 F. App'x at 32; *McClanahan*, 474 F.3d at 839. Thus, the record provides substantial evidence to support the ALJ's decision to discount Dr. Zusman's opinion.

**B.**

Next, the Court concludes that the ALJ properly considered Plaintiff's condition as a whole in rendering his findings (Tr. 16-24); *see Loy v. Sec'y of Health & Human Servs.*, 901 F.2d 1306, 1310 (6th Cir. 1990); *Gooch v. Sec'y of Health & Human Servs.*, 833 F.2d 589, 591-92 (6th Cir. 1987). Moreover, the ALJ found Plaintiff had "severe impairments" and did not have a "combination of impairments" that met or equaled a listed impairment, which is sufficient to establish that the ALJ consider the combined effects of Plaintiff's impairments (Tr. 17); *see Loy*, 901 F.2d at 1310; *Neeley v. Astrue*, No. 6:12-cv-27-JMH, 2012 WL 3683532, at *5 (E.D. Ky. Aug. 27, 2012). Plaintiff also failed to explain in what way the ALJ did not consider the combined effect of his impairments, and he failed to show that his impairments caused disabling or additional limitations on his ability to work. *See Neeley*, 2012 WL 3683532, at *5.

**C.**

Plaintiff also offers a conclusory argument that that the ALJ should have considered a "durational requirement," but he did expand on his argument or provide any citations to support such an argument. [DE 11 at 2.] The Court considers it waived and will address this argument no further. *See Hollon ex rel.*

*Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006); *see also McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("'[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.'" (internal citation omitted)).

**V.**

Ultimately, Plaintiff has not met his burden of proving his condition caused disabling limitations. *See* 42 U.S.C. §§ 423(d)(5)(A), 1382(a)(3)(H)(i); 20 C.F.R. §§ 404.1512(a), (c), 404.1529(a), 416.912(a), (c), 416.929(a); *Foster*, 279 F.3d at 353; *Bogle*, 998 F.2d at 347. The ALJ properly considered the relevant evidence and performed his duty as the trier of fact of resolving any conflicts in the evidence. *See Walters*, 127 F.3d at 528. Substantial evidence supports the ALJ's assessment of Plaintiff's RFC and hypothetical question to the VE (Tr. 19, 63). Therefore, the VE's testimony provides substantial evidence to support the ALJ's finding that Plaintiff could perform other work. (Tr. 25-26, 63-64); *see Foster*, 279 F.3d at 356-57; *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779-80 (6th Cir. 1987). Substantial evidence supports the ALJ's findings and

his conclusion that Plaintiff was not disabled within the meaning of the Social Security Act.

For all of the reasons stated above, the Court concludes that Summary Judgment in favor of Defendant is warranted. Accordingly, **IT IS ORDERED:**

(1) that Plaintiff's Motion for Summary Judgment [DE 11] is **DENIED;** and

(2) that Defendant's Motion for Summary Judgment [DE 12] is **GRANTED.**

This the 29th day of September, 2014.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge